BROWN, APPELLEE, *v.* BROWN, APPELLANT.

46

(No. 8189—Decided February 7, 1984.)

*Mr. David A. Gowdown,* for appellee.

*Mr. Alex DeMarco,* for appellant.

ZIEGEL, J. The sole issue in this case revolves around a construction of C. P. Sup. R. 4 as the same has been interpreted by *Berger* v. *Berger* (1981), 3 Ohio App. 3d 125, the only case cited by either party. C. P. Sup. R. 4, captioned "Assignment System," provides:

"For the purpose of these rules, the individual assignment system is that system whereby, upon the filing in, or transfer to, a division of the court of a civil case, or upon arraignment in a criminal case, a case is immediately assigned by lot to a judge thereof, who thus becomes primarily responsible for the determination of every issue and proceeding in the case until its termination. Under such system, all preliminary matters, including requests for continuances, must be submitted for disposition to the judge to whom the case has been assigned, or if he is unavailable to the administrative judge.

"Each multi-judge general division of each court of common pleas shall adopt the individual assignment system as defined herein for the assignment of all cases to judges of the division for disposition."

Even though the above-quoted rule permits the administrative judge to determine preliminary matters if the assigned judge is unavailable, the *Berger* case points out, quoting from *Rosenberg* v. *Gattarello* (1976), 49 Ohio App. 2d 87, 93 [3 O.O.3d 151], that " '[t]he movant before the administrative judge has an affirmative duty to demonstrate in the record that the assigned judge · is not available to rule on said matter and that a delay in ruling until he his [*sic*] available would be prejudicial.' " *Berger,*

*supra,* at 129. *Berger* also notes that, as to civil cases, "case transfers after a trial is commenced or concluded are governed by Civ. R. 63 * * *. That * * * Rule * * * allow[s] the administrative judge, or the Chief Justice of the Ohio Supreme Court in the instance of a single-judge division, to designate a replacement judge when the assigned judge 'is unable to proceed with the trial' or is 'unable to perform the duties of the court after a verdict.' Here again, reassignment is permitted only where there is a record showing of the assigned judge's inability to act." *Id.*

In the case before us, the certified copy of the docket and journal entries, and the original papers furnished us pursuant to App. R. 10(B), establish that the marriage of the parties to this appeal, plaintiff-appellee, Marilyn Kay Brown (Behnken), and defendant-appellant, Lowell David Brown, was dissolved on May 14, 1981. The entry of dissolution was signed by Judge Lillian M. Kern, one of the judges of the multi-judge Domestic Relations Division of the Montgomery County Court of Common Pleas. It is presumed from this signature that she was the judge to whom this case was assigned pursuant to C. P. Sup. R. 4. On February 3, 1982, appellant filed a motion to have appellee held in contempt of court for her failure to comply with provisions of the separation agreement, and the same day the entry referring this motion to a referee for hearing was signed by Judge Nolan. Then, on February 14, 1982, appellee moved for a contempt finding against appellant, but there is no record of this motion being set for hearing. The appellant's motion was duly heard, objections filed to the referee's report, which were overruled, and on May 3, 1982, an entry thereon was signed by Judge Nolan. Thereafter, on May 7, 1982, Judge Nolan *sua sponte* set aside his May 3, 1982 entry and set the matter for another hearing before a referee. On

May 27, 1982, appellee filed another motion for contempt against appellant, and this motion was duly set for hearing before a referee by entry signed "Kern for Judge Nolan."

This May 27, 1982 motion was duly heard and the referee filed his report and recommendations on October 21, 1982. On November 3, 1982, appellant filed lengthy exceptions to the referee's report, the last paragraph of which contains the following:

"The proceedings involved in the contempt motions have been confused. The first Referee's Report by J. Bernard Carter * * * found the Petitioner-Wife in contempt * * *. The most recent report by Lynn M. Kelley * * * allows the Petitioner-Wife to stay in the residence. The case has involved two judges; the Honorable Judge Kern and the Honorable Judge Nolan. Therefore, the issues have bounced between four people: two judges and two referees. The Petitioner-Husband questions the conclusions arrived at in a case with such a history. The Petitioner-Husband does not question the competency of the Court personnel involved, but considering the realities of the situation believes that another hearing would be proper and hereby requests such a hearing for the reasons cited above."

Action was taken on these objections and on the referee's report and recommendations on January 11, 1983, per order signed by Judge Nolan, from which order this appeal has been duly perfected.

There is no entry or other record in the file before us to show that there was any transfer of this case from Judge Kern, assuming that she was the judge to whom the case was originally assigned in compliance with C. P. Sup. R. 4, to Judge Nolan. Likewise, there is nothing in that file to show any reason for such a transfer. In this appeal, appellant does not assign as error any part of the conclusions reached by Judge Nolan in his January 11, 1983 order. He attacks only the proceedings whereby Judge Nolan, rather than Judge Kern, issued the order.

In pointing out what is required under the individual assignment system before a case can be transferred from one judge to another, *Berger, supra,* also commented that, like other procedural irregularities, these requirements could be waived. *Id.* at 130. It was emphasized that the substitution of one judge for another did not go to the jurisdiction of the court or render the judgment void. *Berger* therefore concluded that:

"* * * [A]ny party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. The definition of a reasonable time may well be controlled by time limits for motions for rehearing, reconsideration, or a new trial." *Id.* at 131.

Appellant contends that he did raise the objection to the transfer of the case to a different judge from the one to whom the case was assigned at his first opportunity, that being when he filed his November 3, 1982 objections to the referee's report and recommendations, as per the last paragraph thereof, above quoted. It does appear, however, that the first entry signed by Judge Nolan was on February 3, 1982, and this entry was typed on the lower portion of the same page which included appellant's jurat to his affidavit accompanying his motion for a contempt finding. At that moment he surely had some knowledge

48

that somehow Judge Nolan was involved in the case. It also appears from endorsement thereon that a copy of Judge Nolan's decision and order of May 3, 1982 was mailed to appellant's counsel, as well as a copy of Judge Nolan's *suá sponte* order of May 7, 1982, and also a copy of the May 27, 1982 scheduling order which was signed "Kern for Judge Nolan." The file thus clearly establishes that appellant was aware of Judge Nolan's involvement in the case several months before November 3, 1982.

It may indeed be argued that the mention of the "confus[ion]" caused by the involvement of two referees and two judges in the case in the November 3, 1982 exceptions to the referee's report took place before Judge Nolan made any definitive orders in the case. We do not, however, consider the last paragraph of those exceptions, above quoted, to be objections to anything. The words "object" or "objection" are not used. We construe that paragraph simply to be a recommendation to the court as to how appellant's counsel thinks the court ought to rule on the referee's report and recommendations generally.

Accordingly, we find that appellant has waived any objection he might have had to the transfer of this case from Judge Kern to Judge Nolan. Appellant's assignment of error is not well-taken, and the judgment of the Domestic Relations Division of the Montgomery County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROGAN, P.J., concurs.

KERNS, J., concurs in judgment.

ZIEGEL, J., retired, of the Court of Common Pleas of Preble County, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.