ADKINS, APPELLEE, *v.* ADKINS, APPELLANT.

(No. 87-CA-12 — Decided February 23, 1988.)

*Dominic J. Chieffo,* for appellee.
*John R. Adkins, pro se.*

FAIN, J.   Defendant-appellant John Robert Adkins appeals from a judgment of divorce, asserting multiple assignments of error. Although we reject all of his other assignments of error, we agree with Mr. Adkins that the trial court committed error when it declined to exercise discretion, pursuant to Civ. R. 63(B), whether to order a new trial. We conclude that the trial court incorrectly understood that it was precluded from exercising its discretion whether to order a new trial by virtue of the opinion of this court in a previous appeal in this case. Because we conclude that the trial court had discretion, the judgment of the trial court will be reversed, and this cause will be remanded to the trial court for the exercise of its discretion to determine whether to order a new trial.

I

In 1981, plaintiff-appellee Diane L. Adkins filed a complaint for divorce, custody of her three children, alimony, and child support. In 1982, the common pleas court granted Mrs. Adkins her divorce, and made the following awards in her favor: sustenance alimony of $200 per month for twenty-four months; custody of the three children; child support in the amount of $100 per month for twenty-four

months; and various other findings. Mrs. Adkins appealed the trial court's decision asserting five assignments of error concerning the property division and alimony payments. In 1984, this court reversed the trial court's decision and remanded the case, holding that the trial court had failed to make an equitable distribution of the property and that the alimony payments were too low. Upon remand, Judge Clark was assigned to the case in place of Judge Mowrey, who had recused himself. At first, Judge Clark was going to retry the case, but after reviewing our decision, he concluded that he was confined to deciding the case on the established record. Judge Clark then rendered a decision giving Mrs. Adkins an increase in property rights, alimony, and support payments. Mr. Adkins then filed this appeal.

## II

Mr. Adkins' first assignment of error is that he was denied due process of law by the replacement of Judge Val B. Mowrey, Jr. by Judge Joseph T. Clark. Originally, the case was assigned to Judge Mowrey, who rendered judgment in the case. Mrs. Adkins appealed from Judge Mowrey's decision, and this court reversed the trial court's decision and remanded the case for further proceedings. Upon remand, Judge Mowrey recused himself, and Judge Clark was assigned to the case. Mr. Adkins now argues that Judge Mowrey was required to decide the case on remand.

Mr. Adkins cites *Brown* v. *Brown* (1984), 15 Ohio App. 3d 45, 15 OBR 73, 472 N.E. 2d 361, in support of his contention that under the facts of this case Judge Mowrey was required to hear and to determine the entire case. In *Brown,* the court quoted *Berger* v. *Berger* (1981), 3 Ohio App. 3d 125, 129, 3 OBR 141, 146, 443 N.E. 2d 1375, 1380, in holding that:

" '[C]ase transfers after a trial is commenced or concluded are governed by Civ. R. 63. * * * That * * * Rule allow[s] the administrative judge, or the Chief Justice of the Ohio Supreme Court in the instance of a single-judge division, to designate a replacement judge when the assigned judge "is unable to proceed with the trial" or is "unable to perform the duties of the court after a verdict." Here again, reassignment is permitted only where there is a record showing of the assigned judge's inability to act.' " *Brown, supra,* at 46, 15 OBR at 74, 472 N.E. 2d at 362.

Mr. Adkins claims that Judge Mowrey should not have been allowed to recuse himself because no "good cause" was given for such removal as required under *Brown* and *Berger*. This case, however, differs from both *Brown* and *Berger* in that the Chief Justice of the Ohio Supreme Court acquiesced in the withdrawal of Judge Mowrey and ordered the assignment of Judge Clark to this case. Therefore, the requirements of Civ. R. 63 were followed in this case, and Mr. Adkins was not denied due process of law.

To the extent that Mr. Adkins seeks in this court to question the propriety of the Chief Justice's assignment of Judge Clark, our conclusion is that that is not a proper subject of our appellate review. With respect to the assignment of an out-of-county judge to a court of common pleas, Civ. R. 63 merely implements the grant of power found in Section 5(A)(3), Article IV of the Ohio Constitution. That provision authorizes the Chief Justice of the Supreme Court, and no one else, to assign a common pleas judge from out of county to a single-judge division. We find nothing in that constitutional grant of power to suggest that an inferior court, such as this court of appeals, is authorized to review the propriety of the Chief Justice's exercise of

the power of assignment granted to him by Section 5(A)(3), Article IV, Constitution.

Finally, both *Brown* and *Berger* declare that a party can waive his right to object to a reassignment of judges if the objection is not made within reasonable time:

"* * * [A]ny party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before the action is taken. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter." *Berger, supra,* at 131, 3 OBR at 147-148, 443 N.E. 2d at 1382.

In this case, Mr. Adkins failed to object to the assignment of Judge Clark. Therefore, he waived his right to object to the assignment.

Mr. Adkins' first assignment of error is overruled.

### III

In his second assignment of error, Mr. Adkins claims that the trial court erred by failing: (1) to place values on marital property, (2) to consider all factors required by R.C. 3105.18, and (3) to clarify findings of fact and conclusions of law as ordered by this court's decision of August 31, 1984. We disagree. Our previous decision did not expressly require monetary values to be placed on the marital property — it simply required that a more equitable property division be made, and that is what Judge Clark did. In our previous decision, we held that the trial court "* * * awarded an inequitable amount of property to the defendant * * *." Upon review of the record and

reevaluation of the property, Judge Clark ordered a more equitable distribution of the marital property. We cannot say that Judge Clark failed to place reasonable values on the marital property or that he erred in his distribution of the property.

Judge Clark said in paragraph (4) of his opinion: "Taking into consideration all of the factors set forth in R.C. 3105.18, the defendant is hereby ordered to pay sustenance alimony to the plaintiff * * *." We conclude from our review of this language, the record, R.C. 3105.18, and the rest of Judge Clark's opinion, that Judge Clark did indeed rely on the factors listed in R.C. 3105.18 in establishing the sustenance alimony award. Furthermore, Judge Clark did indeed enter new and different findings of fact and conclusions of law.

Except as noted in Part VIII of this opinion, we conclude that Judge Clark correctly followed the mandate of this court in its earlier opinion in this case. We do not find that he acted improperly or that he abused his discretion.

Mr. Adkins' second assignment of error is overruled.

### IV

In his fourth assignment of error, Mr. Adkins concludes that Judge Clark erred by relying solely on Mrs. Adkins' findings of fact and conclusions of law. Mr. Adkins relies upon *Paxton* v. *McGranahan* (1985), 25 OBR 352, in which the Court of Appeals for Cuyahoga County reversed a decision of the trial court that had adopted verbatim one party's findings of fact and conclusions of law. In *Paxton,* the court noted:

"The findings and conclusions in the case at bar bear little resemblance to the events at trial. The findings and conclusions are rife with factually and legally inaccurate statements. The

findings and conclusions are not consistent with the manifest weight of the evidence." *Id.* at 356.

But the court also remarked:

"* * * We do not suggest that a trial court may not adopt proposed findings and conclusions verbatim. It may. See Civ. R. 52 * * *. Before adopting proposed findings and conclusions, however, the trial judge has a duty to read the document thoroughly, and ensure that it is completely accurate in fact and law." *Id.* at 355.

Upon review of the record, we find that the trial court did not abuse its discretion in adopting Mrs. Adkins' proposed findings and conclusions of law. There were no apparent inaccuracies in Mrs. Adkins' proposed findings of fact and conclusions of law, and they were not against the manifest weight of the evidence.

Therefore, Mr. Adkins' fourth assignment of error is overruled.

## V

In his fifth assignment of error, Mr. Adkins contends that the trial court lacked jurisdiction to modify its prior order, which fixed a twenty-four-month period of entitlement to sustenance alimony. Mr. Adkins, however, has inaccurately labeled the trial court's action as one of modification. The trial court did not modify the prior sustenance alimony order; rather, the court entered a new order, in accordance with the mandate of this court. In our prior opinion, we held:

"The trial court did not give proper consideration to the factors set forth in R.C. 3105.18 and awarded an inequitable amount of the property to the defendant while less than an equitable sustenance alimony to plaintiff * * *. For the foregoing reasons, the fourth assignment of error is sustained, * * * and the judgment of the Pickaway County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion."

Thus, our previous decision required the trial court to reevaluate its sustenance alimony and enter a new order consistent with our opinion, and that is exactly what Judge Clark did—he did not modify a prior sustenance order, he entered a new and proper sustenance alimony order as instructed by this court.

Mr. Adkins' fifth assignment of error is overruled.

## VI

Mr. Adkins' sixth assignment of error is that the trial court lacked jurisdiction to set aside an in-court personal property settlement, and that to do so constituted an abuse of discretion.

Although the transcript of the first trial of this cause is not in the record before us, it appears from the following excerpt from the decree of divorce entered on October 8, 1982, following that trial, that there was an in-court agreement:

"17. The parties agreed and stipulated that an appropriate division of personal property had been effected by and between themselves, with the property at 144 Montclair Avenue to the Plaintiff less certain exceptions to Defendant and the property at 432 N. Court Street to the Defendant."

Notwithstanding this finding in the original divorce decree, this court, in its opinion following the first appeal in this case, held that an inequitable amount of the property was awarded to Mr. Adkins. Even if that was an erroneous holding, in view of the parties' in-court agreement, that holding is now part of the law of the case, since it involved facts and issues substantially identical to those argued in connection with Mr. Adkins' sixth assignment of error in the present appeal. According-

ly, it is now too late to argue that the prior holding of this court was erroneous in that respect.[1] *State, ex rel. Potain,* v. *Mathews* (1979), 59 Ohio St. 2d 29, 13 O.O. 3d 17, 391 N.E. 2d 343; cf. *Stemen* v. *Shibley* (1982), 11 Ohio App. 3d 263, 11 OBR 441, 465 N.E. 2d 460.

Mr. Adkins' sixth assignment of error is overruled.

## VII

In his seventh assignment of error, Mr. Adkins contends that the trial court lacked jurisdiction to increase child support payments, and that to do so was an abuse of discretion. In support of this proposition, Mr. Adkins relies upon the following language from our previous decision:

"The fifth assignment of error also is well taken in part since the trial court did apparently overlook some of the evidence as to the income and assets of defendant. However, we find no ambiguity with respect to the support order. The order specifically states that, if a child remains with defendant for more than seven consecutive days, support payments shall be abated for the number of consecutive days in excess of seven that the child remains with defendant. This applies to all periods of consecutive days a child is with defendant. Support is to be paid plaintiff for the first seven days, but not for any days in excess of seven where the days are consecutive."

The fifth assignment of error, in the previous appeal in this case, referred to above, stated:

"The trial court erred and abused its discretion in that its findings of fact and conclusions of law are incomplete and ambiguous so as to cause substantial injustice to the plaintiff and to the minor children."

Upon reading these two statements in conjunction, we do not believe that the trial court erred by ordering an increase in support payments. Our previous decision merely held that the support order was unambiguous—it did not hold that the support order was adequate; on the contrary, in our previous decision we held that the fifth assignment of error was well-taken in part because the "trial court did apparently overlook some of the evidence as to the income and assets of defendant." This language suggests that the child support payments might not be adequate when the additional income and assets are considered. Therefore, Judge Clark acted within the mandate of this court's prior opinion when he decided to increase child support payments after reviewing the record.

Mr. Adkins' seventh assignment of error is overruled.

## VIII

Mr. Adkins' third and eighth assignments of error are as follows:

Third Assignment of Error

"Judge Clark, a succeeding trial judge, erred by failing to conduct a retrial when such judge was incapable of constituting findings of fact and conclusions of law, not having tried the original action or by failing to substantiate Judge Mowrey's findings."

Eighth Assignment of Error

"Judge Clark erred and abused his discretion by failing to grant defendant's request for a new trial."

In both of these assignments of error, Mr. Adkins contends that Judge Clark erred by drafting new findings of fact and conclusions of law without first conducting a retrial.

---

[1] We reject Mr. Adkins' contention that the trial court was without jurisdiction to enter an order inconsistent with the agreement of the parties. At the most, it would be error for the trial court to do so.

Civ. R. 63(B) provides as follows:

"If for any reason the judge before whom an action has been tried is unable to perform the duties to be performed by the court after a verdict is returned or findings of fact and conclusions of law are filed, another judge designated by the administrative judge, or in the case of a single-judge division by the chief justice of the supreme court, *may* perform those duties; but if such other judge is satisfied that he cannot perform those duties, *he may in his discretion grant a new trial.*" (Emphasis added.)

In *Elsnau* v. *Weigel* (1983), 5 Ohio St. 3d 77, 78, 5 OBR 131, 132, 448 N.E. 2d 1377, 1378, the Ohio Supreme Court interpreted this rule as follows:

"Civ. R. 63(B) allows certain duties to be performed by a successor when the original judge has died or become disabled. Under this rule, the successor judge in the case at bar assumed full responsibility to carry out the post-verdict duties of his predecessor. As a consequence, one of the responsibilities of the successor judge was to rule on appellees' motion for a new trial."

In the case before us, Judge Clark assumed full responsibility to carry out the post-verdict duties of his predecessor in the case, Judge Mowrey. Pursuant to Civ. R. 63(B), a decision whether to grant a motion for a new trial is left to the sound discretion of the succeeding judge. But, see, *Welsh* v. *Brown-Graves Lumber Co.* (1978), 58 Ohio App. 2d 49, 12 O.O. 3d 192, 389 N.E. 2d 514, in which it was held that a successor judge is required to hold a new trial where the credibility of witnesses is in issue. We cannot reconcile the holding in *Welsh* with the discretion expressly provided for in Civ. R. 63(B). While it is always desirable to have the factfinder personally observe the witnesses whose credibility he or she is called upon to determine, considerations of judicial economy may weigh against the additional delay and expense represented by a new trial. Civ. R. 63(B) leaves it to the trial court to balance these factors along with any other relevant factors in exercising its discretion whether to order a new trial.

In this case, while it appears likely that Judge Clark would have exercised his discretion to order a new trial, based on his remarks at page 9 of the transcript of proceedings of July 18, 1986, it also appears, based on the same remarks, that he concluded that he was precluded from exercising discretion whether to order a new trial by virtue of the mandate of this court in its opinion concluding the first appeal in this case.

We have reviewed this court's opinion in the first appeal in this case and, even after giving Judge Clark the benefit of the doubt,[2] we cannot find anything in the earlier opinion of this court that would have precluded Judge Clark from exercising the discretion provided for in Civ. R. 63(B). Consequently, we hold that Judge Clark erred as a matter of law when he concluded that he was precluded from exercising his discretion, and this cause will be remanded in order that the trial court may exercise its discretion whether to order a new trial. In this connection, we note that Judge Clark,

---

[2] Considerations of judicial efficiency and economy dictate that a trial court be given every reasonable benefit of the doubt in determining whether the trial court has correctly followed the mandate of the appellate court resulting from an earlier appeal. Otherwise, there is a "yo-yo" tendency in which litigation keeps bouncing back and forth between the trial and appellate courts, to the detriment of the litigants and the interests of justice.

should this case come back to him for the exercise of his discretion, need not consider himself bound by his remarks at page 9 of the transcript of July 18, 1986, in which he indicated his preference for having a new trial. In the exercise of the trial court's sound discretion, the trial court may consider the present posture of the case, which includes another year and a half of delay in litigation that has already seen more than its share of delays, and the prospect of a judgment that has already been determined by this court to be free of error in all other respects if the trial court should exercise its discretion by not ordering a new trial.[3]

Mr. Adkins' third and eighth assignments of error are sustained to the extent that we hold that the trial court erroneously declined to exercise the discretion that it had, pursuant to Civ. R. 63(B), to determine whether a new trial should be ordered. Accordingly, that part of the judgment of the trial court awarding a divorce will be affirmed, the judgment will be reversed in all other respects, and this cause will be remanded to the trial court for the exercise of its discretion, pursuant to Civ. R. 63(B), whether to order a new trial. If the trial court should decide, in the exercise of its discretion, not to order a new trial, it may simply re-file its judgment entry in this case.

*Judgment accordingly.*

STEPHENSON and ABELE, JJ., concur.

MIKE FAIN, J., of the Second Appellate District, sitting by assignment.

---

[3] On the other hand, we do not mean to imply that the trial court should, in the exercise of its discretion, decide not to order a new trial. That is a judgment call for the trial court to make, and the discretion to order a new trial pursuant to Civ. R. 63(B) is quite broad.