OPINION
MOTION FOR CONTEMPT — FINDINGS OF FACT AND CONCLUSIONS OF LAW Civ.R. 52.
Upon Petition by Petitioner/Appellant Tyranna Ferguson [hereinafter appellant], the trial court issued a two year civil protection order which, in pertinent part, restrained Respondent/Appellee James P. Ferguson from causing physical injury to appellant and from appellee initiating any contact whatsoever with appellant. The Order was filed on December 16, 1998. On June 11, 1999, appellant filed a Motion for Contempt with accompanying affidavit. The affidavit claimed the following: 1. On or about May 7, 1999, appellee threatened appellant by making a "gesture across his throat like a slice," pointed at her and said "you're dead." 2. On or about March 26, 1999, appellee physically attacked appellant, causing injury to her eye and jaw. 3. On or about April 21, 1999, appellee told a third party that "he was going to kill me and my daughter." On June 25, 1999, the trial court held a hearing on appellant's Motion. The trial court filed a Judgment Entry on August 6, 1999, which summarily denied appellant's Motion. On August 11, 1999, appellant filed a Request for Findings of Fact and Conclusions of Law, pursuant to Civ.R. 52. The trial court granted appellant's Motion and ordered both parties to submit proposed findings and conclusions. Appellant and appellee complied. Thereafter, on September 17, 1999, the trial court issued Findings of Fact and Conclusions of Law. Appellant appeals the trial court's denial of her Motion for Contempt and the Findings of Fact and Conclusions of Law issued by the trial court, alleging three errors:
 I. THE TRIAL COURT'S DISMISSAL OF MS. FERGUSON'S MOTION FOR CONTEMPT WAS CONTRARY TO LAW.
 II. THE TRIAL COURT VIOLATED MS. FERGUSON'S PROCEDURAL DUE PROCESS RIGHTS WHEN IT RETROACTIVELY MODIFIED HER CIVIL PROTECTION ORDER TO INCLUDE A PROVISION THAT MS. FERGUSON'S INITIATION OF CONTACT WITH APPELLEE WAIVED HER RIGHT TO ENFORCE HER CIVIL PROTECTION ORDER.
 III. THE TRIAL COURT ERRED IN FAILING TO PROVIDE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ACCORDANCE WITH THE SPIRIT AND PURPOSE OF CIVIL RULE 52.
 III
We will address the third assignment of error first as we find it dispositive. Initially, we note that findings of fact and conclusions of law are "unnecessary" in regards to motions for contempt. Civ.R. 52; State ex rel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10. However, Civ.R. 52 does not preclude findings of fact and conclusions of law under such instances. In the case sub judice, the trial court granted appellant's Motion for Findings and Conclusions, pursuant to Civ.R. 52, even though it was not required to do so. We find that once the trial court undertook to provide findings of fact and conclusions of law in accordance with Civ.R. 52, it was required to do so in accordance with the civil rule. In the case sub judice, the trial court's Findings of Fact and Conclusions of Law were insufficient under Civ.R. 52. The purpose of separate findings of fact and conclusions of law under Civ.R. 52 is to aid an appellate court in determining the validity of the basis of the trial court's judgment. In re Adoption of Gibson (1986),23 Ohio St.3d 170, 172. Thus, where a party requests findings of fact and conclusions of law, the trial court has the duty of issuing findings regarding all of the ultimate facts which are determinative of the case. Id.; Freeman v. Westland Builders, Inc. (1981), 2 Ohio App.3d 212, 214. The failure to comply with the requirements of Civ.R. 52 is reversible error. In re Adoption of Gibson (1986), supra. Although it has been held that such failure can constitute harmless error "when the record, taken as a whole, along with the court's order provides an adequate basis to dispose of all the claims presented," Finn v. Krumroy Constr. Co. (1990),68 Ohio App.3d 480, 487, we find that is not the case herein. In the present case, the trial court's Findings of Fact do not address each of the alleged violations of the civil protection order. The Motion to Show Cause and Affidavit filed by appellant identified three alleged violations. However, the trial court addressed only one of those instances in its Findings of Fact and Conclusions of Law. We find that the Findings of Fact and Conclusions of Law do not form an adequate basis upon which this court may dispose of all claims presented. Therefore, we reverse and remand this matter to the trial court with instructions to state upon the record written findings of fact and conclusions of law as to each of the factual allegations of contempt presented by appellant. Although not determinative of this matter, we feel compelled to address appellant's argument that a trial court should not be permitted to use findings and conclusions proposed by the parties if the proposed findings and conclusions are presented after the trial court issues its judgment on the matter. Appellant argues such practice affords the trial court the opportunity to simply adopt the proposed findings and conclusions of the prevailing party even if they have no semblance to the actual findings and conclusions underlying the court's decision. We note that in this case, the trial court adopted the appellee's proposed findings and conclusions nearly verbatim. Civil Rule 52 specifically states that a trial court may order the parties to submit proposed findings and conclusions of law. The rule does not limit this practice to before the trial court announces its decision. We see no error in ordering the submission of proposed findings and conclusions after the filing of the Judgment Entry announcing the trial court's decision, especially when findings and conclusions are requested after the decision is announced, as in the case sub judice. The trial court is free to adopt a party's proposed finding and conclusions, as long as the findings and conclusions accurately reflect the trial court's findings and conclusions and are appropriate pursuant to Civ.R. 52. See Adkins v. Adkins (1988), 43 Ohio App.3d 95, 97-98 (a trial court may adopt a party's proposed findings and conclusions if there are no apparent inaccuracies in the party's proposed findings and conclusions and they are not against the manifest weight of the evidence). Pursuant to our holding that the trial court's Findings of Fact and Conclusions of Law were insufficient pursuant to Civ.R. 52, appellant's third assignment of error is well taken.
 I, II
Given our ruling on the third assignment of error, we find the first and second assignments of error to be moot. For the foregoing reasons, the judgment of the Knox County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings in accordance with this opinion.
 ______________________ Milligan, J.
V. J. Hoffman, P.J. and Edwards, J. concur