{¶ 21} In my view, it would ordinarily not be sufficient to establish that an addendum to the original affidavit upon which a search warrant was based was presented to the issuing judge, after the initial issuance of the search warrant. Ordinarily, it would be necessary to establish that the judge either re-issued the warrant, in reliance upon the supplemental affidavit, or, at least, that the judge ratified the previously-issued search warrant, based upon the addendum to the affidavit subsequently presented to the judge.
 {¶ 22} In the circumstances of this case, however, I am persuaded that the trial court followed the mandate of this court when it previously reversed the judgment of the trial court, and remanded this cause for a hearing. See State v. Hardy, Montgomery App. No. 19029, 2002-Ohio-2371, ¶ 15. In my view, a trial court must be given every reasonable benefit of the doubt in determining whether it has correctly followed the mandate of an appellate court resulting from an earlier appeal. Adkins v. Adkins (1988), 43 Ohio App.3d 95, 100, n. 2. In the case before us, when the trial court is given the benefit of the doubt, I conclude that it correctly followed our mandate in the prior appeal. That mandate, construed strictly against the present appellant, appears to have required the trial court to determine merely whether the addendum to the affidavit was subsequently presented to the judge who issued the search warrant. Although I am not persuaded that this mandate is legally correct, it was the mandate of this court, and I conclude that the trial court correctly followed that mandate.
 {¶ 23} Furthermore, even if the search warrant was defective, I am persuaded that under all of the prevailing circumstances, the police officers who conducted the search did so in good faith, which would preclude application of the exclusionary rule. United States v. Leon
(1984), 468 U.S. 897, 104 S.Ct. 3405.
 {¶ 24} Consequently, I concur in overruling all of Hardy's assignments of error, and in affirming the judgment of the trial court.