OPINION
{¶ 1} Defendant-appellant Maxwell D. White, Jr. appeals from the April 5, 2006 Judgment Entry of the Ashland County Court of Common Pleas overruling his Petition for Post Conviction Relief. Plaintiff-appellee is the State of Ohio.
 {¶ 2} This appeal stems from the shooting death of Ohio Highway Patrol Trooper James Gross. Defendant-appellant, Maxwell D. White, Jr., was convicted of aggravated murder with death penalty specifications under R.C. 2929.04(A) (6) (killing a peace officer) and R.C. 2929.04(A) (3) (offense committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense). Appellant was also convicted of having a weapon while under a disability, and abduction. For a complete statement of the underlying facts see State v. White,82 Ohio St.3d 16, 1998-Ohio-363, 693 N.E.2d 772.
 {¶ 3} On May 20, 1998, the Ohio Supreme Court upheld appellant's convictions and his death sentence after independently reviewing his sentence as required by R.C. 2929.05(A). State v. White, supra. Appellant filed a petition for certiorari with the United States Supreme Court on December 14, 1998. The petition was denied. White v. Ohio
(1998), 525 U.S. 1057, 119 S.Ct. 623.
 {¶ 4} Appellant filed a petition for post conviction relief pursuant to R.C. 2953.21 on May 5, 1997. That petition was dismissed by the Ashland County Court of Common Pleas on August 18, 1997. He appealed the dismissal to both this Court and the Ohio Supreme Court. This Court affirmed the trial court's dismissal, and the Ohio Supreme Court denied jurisdiction over the case. State v. White (Aug. 7, 1998), 5th Dist. No. 97COA01229; State v. White (1998),84 Ohio St. 3d 1445, 703 N.E.2d 326. *Page 3 
 {¶ 5} Appellant filed an application to reopen his direct appeal ("Murnahan") with the Ohio Supreme Court. The Ohio Supreme Court denied this application on August 2, 2000. State v. White (2000),89 Ohio St. 3d 1467, 732 N.E.2d 999.
 {¶ 6} After exhausting state court remedies, appellant sought relief in federal court with a petition for writ of habeas corpus pursuant to28 U.S.C. 2254. Following denial of the petition in the district court, the Sixth Circuit Court of Appeals granted relief and ordered that the writ be granted vacating appellant's death sentence. White v.Mitchell (6th Cir. 2005), 431 F.3d 517.
 {¶ 7} On January 30, 2006, appellant, through his attorneys Michael J. Benza and Alan C. Rossman [hereinafter "attorney's B R"] filed a petition for post conviction relief under R.C. 2953.21. The stated basis for the petition is that on or about January 31, 2005, Ohio Supreme Court Justice Alice Robie Resnick made statements allegedly indicating bias or prejudice in favor of the Ohio State Highway Patrol.
 {¶ 8} In dismissing the January 30, 2006, petition, the trial court specifically found: 1) that the petition was a second post conviction petition; 2) that it was filed more than one-hundred eighty (180) days after the time limit specified by R.C. 2953.21; and 3) that it was filed more than one hundred eighty (180) days after Justice Resnick's statement which served as the basis for the petition. (Judgment Entry Denying Petition to Vacate or Set Aside Judgment and/or Sentence Pursuant to Ohio Revised Code Section 2953.21, filed April 5, 2006 at 1-2). The trial court went on to hold that R.C. 2953.23 barred the court from entertaining a second post conviction petition where the error assigned took place not at trial, but at appellate level proceedings. Id. at 4. The *Page 4 
court simultaneously denied appellant's requests for appointment of counsel and an investigator, discovery, and an evidentiary hearing.
 {¶ 9} Appellant moved for the appointment of counsel with this Court on June 2, 2006. At the same time attorneys B R filed a brief on the merits in this Court on appellant's behalf. On June 13, 2006, this Court remanded the case to the trial court with an order to appoint counsel for appellant. On June 15, 2006, the State filed a Memorandum Supporting Appointment of Local Counsel in the trial court. Appellant filed a Motion opposing the State's Memorandum and a Motion for Appointment of Counsel on June 21, 2006. The trial court, on June 23, 2006, ordered the appointment of the Office of the Ohio Public Defender [hereinafter the "OPD"] as counsel for appellant. On June 27, 2006 the State filed a motion in this Court to strike the brief filed by attorneys B R. Appellant filed a motion to set a new briefing schedule and for reconsideration of the trial court's appointment of OPD as counsel. On July 13, 2006, this Court granted appellant's motion for a new briefing schedule and denied the State's motion to strike. On July 24, 2006, this Court denied appellant's request for reconsideration of the trial court's appointment of counsel.
 {¶ 10} Appellant now appeals the April 5, 2006 decision of the Ashland County Court of Common Pleas dismissing his January 30, 2006, post conviction petition.
 {¶ 11} Attorneys B R have raised the following assignments of error on appellant's behalf:
 {¶ 12} "I. THE TRIAL COURT ERRED WHEN IT RULED THAT IT DID NOT HAVE JURISDICTION TO CONSIDER WHITE'S SECOND-IN-TIME POST-CONVICTION PETITION BECAUSE TO DO SO WOULD EFFECTIVELY SUSPEND *Page 5 
OHIO'S POST-CONVICTION REMEDY AS TO THESE CLAIMS AND RENDER OHIO'S DEATH PENALTY SCHEME CONSTITUTIONALLY INVALID.
 {¶ 13} "II. THE TRIAL COURT ERRED WHEN IT DENIED WHITE COUNSEL TO PURSUE THIS POST CONVICTION LITIGATION.
 {¶ 14} "III. MR. WHITE WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN THE TRIAL COURT CONSIDERED EX PARTE COMMUNICATION FROM THE STATE".
 {¶ 15} The OPD have raised the following assignments of error on appellant's behalf:
 {¶ 16} "I. THE TRIAL COURT'S FAILURE TO PROPERLY WEIGH THE PRESUMPTION IN FAVOR OF APPELLANT WHITE'S PREFERENCE FOR ATTORNEYS ROSSMAN AND BENZA AGAINST COUNTERVAILING CONSIDERATIONS WAS AN ABUSE OF ITS DISCRETION.
 {¶ 17} "II. THE TRIAL COURT ERRED IN DETERMINING THAT IT DID NOT HAVE JURISDICTION TO HEAR MAXWELL WHITE'S SECOND-IN-TIME POSTCONVICTION PETITION.
 {¶ 18} "III. THE TRIAL COURT ERRED IN COMMUNICATING EX PARTE WITH THE STATE OF OHIO REGARDING THE ULTIMATE CONCLUSIONS IN THIS MATTER."
 OPD FIRST ASSIGNMENT OF ERROR. {¶ 19} In the first assignment of error raised by the OPD, appellant contends that the trial court abused its discretion in failing to appoint appellant's counsel of choice to pursue his PCR petition and the instant appeal. We disagree. *Page 6 
 {¶ 20} The Sixth Amendment provides a criminal defendant with the right "to have the Assistance of Counsel for his defense." An essential element of this right is the right to have counsel of one's choice.See United States v. Gonzalez-Lopez, — U.S. — 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006). However, the right to counsel of choice is not absolute. Id.; State v. Murphy (2001), 91 Ohio St.3d 516, 523,2001-Ohio-112, 747 N.E.2d 765, 781. In Gonzalez-Lopez the Court noted: "[a]s the dissent too discusses, post, at 2567, the right to counsel of choice does not extend to defendants who require counsel to be appointed for them. See Wheat, 486 U.S., at 159, 108 S.Ct. 1692; Caplin Drysdale, 491 U.S., at 624, 626, 109 S.Ct. 2646". United States v.Gonzalez-Lopez, supra 126 S.Ct. at 2565.
 {¶ 21} We note that on June 2, 2006 appellant's counsel of choice attorneys B R filed a merit brief in the case at bar. On June 27, 2006 the State filed a motion to strike that brief which this Court denied. We further note that the merit brief filed by the OPD on November 6, 2006 raises the identical assignments of error as the merit brief filed by attorneys B R, with the exception of the assignment of error presently under consideration.
 {¶ 22} The OPD asks this Court to "reverse and remand with an order to appoint attorneys [B R]". [OPD Brief, filed November 1, 2006 at 16]. As counsel of choice have filed a merit brief, which this Court will consider, and as the brief filed by the OPD raises the identical assignments of error as the brief filed by counsel of choice we find that appellant's rights have not been abridged.
 {¶ 23} The OPD's first assignment of error is overruled. *Page 7 
 OPD SECOND ASSIGNMENT OF ERROR B R FIRST ASSIGNMENT OF ERROR {¶ 24} Appellant argues that the trial court erred in finding it did not have jurisdiction to entertain appellant's January 30, 2006 post conviction petition. We disagree.
 {¶ 25} As appellant was convicted in 1996 his petition is governed by R.C. 2953.21(A) which states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. "
 {¶ 26} Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 27} The record indicates appellant did file a direct appeal in this matter with the Ohio Supreme Court on February 3, 1997. The transcript was filed in that Court. Therefore, under R.C. 2953.21(A) (2), appellant was required to file his petition " * * * no *Page 8 
later than one hundred eighty days after the date on which the trial transcript is filed in the supreme court".
 {¶ 28} Appellant was convicted in 1996. However, appellant did not file his petition for post-conviction relief until January 30, 2006, which is well beyond the time period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part: * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 29} "(1) Either of the following applies:
 {¶ 30} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 31} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 32} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." *Page 9 
 {¶ 33} Appellant contends that evidence of Justice Resnick's alleged bias could not have been discovered until January, 2005 when the events surrounding the Justice's traffic stop were made public. However, this does not explain why appellant waited nearly twelve months after that time to file the second petition for post conviction relief in the trial court.
 {¶ 34} We note at the outset that the federal courts have ordered that appellant receive a new penalty phase trial. White v. Mitchell
(6th Cir 2005), 431 F.3d 517, 543. Accordingly, any claim with respect to appellant's sentence is moot as he will receive a new penalty phase with the right to appellate review of the jury's decision, if necessary. We note that the Court in Mitchell, supra further held: "we affirm the district court's denial of White's petition with regard to all of the issues raised with respect to his conviction".431 F.3d at 543. Accordingly, a review by an independent court found no error with respect to appellant's underlying conviction.
 {¶ 35} Finally, we note that each of the decisions by the Ohio Supreme Court in appellant's case were unanimous. Nowhere does appellant allege or argue that any potential personal bias by Justice Resnick infected the other six members of the panel so as to require those decisions be vacated. See, e.g. Aetna Life Ins. Co. v. Lavoie (1986), 475 U.S. 813,825 — 828, 106 S.Ct. 1580, 1588-1589.
 {¶ 36} We begin our analysis of the trial court's decision in the case at bar by noting a reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason.State v. Lozier (2004), 101 Ohio St.3d 161, 166, 2004-Ohio-732
at ¶ 46, 803 N.E.2d 770, 775. [Citing State ex rel. McGinty v.Cleveland *Page 10 
 City School Dist. Bd. of Edn. (1998), 81 Ohio St.3d 283, 290,690 N.E.2d 1273]; Helvering v. Gowranus (1937), 302 U.S. 238, 245,58 S.Ct. 154, 158.
 {¶ 37} In the case sub judice the trial court found that it did not have jurisdiction to entertain appellant's petition. We agree.
 {¶ 38} R.C. 2953.21 does not authorize the relief requested by the appellant in his petition. If a trial court finds merit in a petition, the court "shall enter a judgment that vacates and sets aside the judgment in question, and * * * shall discharge or re-sentence him or grant a new trial as may appear appropriate." R.C. 2953.21(G). We do not construe these remedies to include an order granting a new appellate review of the underlying conviction.
 {¶ 39} Article IV of the Ohio Constitution designates a system of "superior" and "inferior" courts, each possessing a distinct function. The Constitution does not grant to a court of common pleas jurisdiction to reverse or vacate a decision made by a superior court. See,State, ex rel. Potain v. Mathews (1979), 59 Ohio St.3d 29, 32,391 N.E.2d 343, 345; R.C. 2305.01. Nor does the court of common pleas have jurisdiction to pass upon the disqualification of a justice of the Ohio Supreme Court. See, e.g. 5(C) of Article IV of the Ohio Constitution; R.C. 2701.03 [Disqualification of court of common pleas judge]; R.C.2501.13. [Disqualification of court of appeals judge].
 {¶ 40} Alleged errors that occurred in courts superior to the court of common pleas are not cognizable in R.C. 2953.21 proceedings. State v.Van Hook (Oct. 21, 1992), Hamilton App. No. C-910505; State v. Cook
(Dec. 29, 1995), Hamilton App. No.C-950090. " . . . [T]he court may deny a hearing if the claim does not seek to render the trial court's own judgment void or voidable. R.C. 2953.21(A). As noted by this *Page 11 
court, `the trial court, as an inferior court, has no jurisdictional basis on which it can review the actions and decisions of superior courts.' Powell, 90 Ohio App.3d at 267, 629 N.E.2d at 17. For instance, the trial court may deny a hearing if it finds that the claim raises the constitutional issue of ineffective assistance of appellate counsel, not trial counsel. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, paragraph one of the syllabus; State v. Rone (Aug. 31 1983), Hamilton App. No. C-920640, unreported, 1983 WL 5172. Similarly, the trial court may deny a hearing on a claim that asserts an error made after the original conviction, such as the appellate court's incorrectly reviewing imposition of the death penalty. Powell,90 Ohio App.3d at 267, 629 N.E.2d at 17; see, also, Murnahan, 63 Ohio St.3d at 63,584 N.E.2d at 1207; State v. Williams (Nov. 24, 1993), Cuyahoga App. No. 64151, unreported, slip op. (Lexis) at 10-12, 1993 WL 489748; State v.Bedford (Sept. 11, 1991), Hamilton App. No. C-900412, unreported, 1991 WL 175783." State v. Combs (1994), 100 Ohio App.3d 90, 98-99,652 N.E.2d 205, 210.
 {¶ 41} An inferior court has no jurisdictional basis to review the actions and decisions of superior courts. The appellant's claim raise alleged errors during the appellate or post conviction process, which is after the trial court lost its original jurisdiction over the case.Combs, supra, 100 Ohio App.3d at 109, 652 N.E.2d at 217. As such, none of these claims seeks to render the original trial court judgment void or voidable. Id. Therefore, the trial court correctly denied a post-conviction hearing on these claims. Id. [Citing State v.Murnahan (1992), 63 Ohio St.3d at 64, 584 N.E.2d at 1208; Statev.Powell, 90 Ohio App.3d at 267, 629 N.E.2d at 17; State v.Williams (Nov. 24, 1993), Cuyahoga App. No. 64151]. *Page 12 
 {¶ 42} Accordingly, the trial court's conclusion that it was without jurisdiction to entertain appellant's petition was correct.
 {¶ 43} OPD's second assignment of error and attorneys B R's first assignment of error are overruled.
 B R SECOND ASSIGNMENT OF ERROR {¶ 44} Attorneys B R raise as appellant's second assignment of error the denial of appellant's right to counsel to pursue his PCR petition.
 {¶ 45} This assignment of error is moot as appellant was represented by counsel at the trial and appellate levels.
 OPD THIRD ASSIGNMENT OF ERROR B R THIRD ASSIGNMENT OF ERROR {¶ 46} In these respective assignments of error, appellant argues that the trial court erred in accepting and adopting findings of fact and conclusions of law submitted allegedly ex parte to the court. We disagree.
 {¶ 47} At the outset, we note that the record does not establish that the trial court adopted any parties proposed findings of fact and conclusions of law. However, even if it had, we find the trial court's five page Judgment Entry dismissing appellant's petition to be thorough, reasoned, accurate and supported by the record.
 {¶ 48} A post conviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment.State v. Calhoun (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 910. Therefore, a petitioner receives no more rights than those granted by the statute. Id. *Page 13 
 {¶ 49} Civ.R. 52 states that it is within the trial court's "discretion" to "require any or all of the parties to submit proposed findings of fact and conclusions of law." A trial court may adopt a party's findings of fact so long as they are accurate. See State v.Combs (1994), 100 Ohio App.3d 90, 652 N.E.2d 205, citing Adkins v.Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. In Adkins, the court stated that a court may adopt a party's " `proposed findings * * * verbatim,' " but that " `[b]efore adopting proposed findings * * * the trial judge has a duty to read the document thoroughly, and ensure that it is completely accurate in fact * * *.' " Id. at 98, quotingPaxton v. McGranahan (Oct. 31, 1985), Cuyahoga App. No. 49645; State v.Rose, 4th Dist. No. 06 CA 5, 2006-Ohio-5292 at ¶ 45.
 {¶ 50} In the case at bar, nothing suggests that, even if the trial court adopted appellee's statement of facts or conclusions of law, they were inaccurate such that the trial court should not have adopted them. Indeed, our review of the trial court's decision supra concludes that the trial court's findings and conclusions were correct.
 {¶ 51} The third assignment of error of the OPD and attorneys B R are overruled. *Page 14 
 {¶ 52} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
By: Gwin, P.J., Hoffman, J., and Edwards, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed. Costs to appellant.
 HON. W. SCOTT GWIN, HON. WILLIAM B. HOFFMAN, HON. JULIE A. EDWARDS. *Page 1