[Cite as *Smart v. Aultman Hosp.*, 2011-Ohio-1318.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| MORESETTA SMART | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 2010CA00206 |
|  | : |  |
|  | : |  |
| AULTMAN HOSPITAL, et al., | : | O P I N I O N |
|  |  |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:     Civil Appeal from Stark County
Court of Common Pleas Case No.
2010CV00631

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 17, 2011

APPEARANCES:

For Plaintiff-Appellant

MORESETTA AND WILLIAM SMART
1527 27th Street, N.W.
Canton, Ohio 44709

For Dr. Michael Rich, M.D.

W. BRADFORD LONGBRAKE, Esq.
DAVID M. KRUEGER, Esq.
Reminger Co., LPA
200 South Summit Street
80 South Summit Street
Akron, Ohio 44308

For Defendants-Appellees

ARETTA K. BERNARD
KAREN D. ADINOLFI
Roetzel & Andress
222 South Main Street
Akron, Ohio 44308

For Dr. Ike Nkanginieme

DEIRDRE G. HENRY, Esq.
WESTON HURD, LLP
The Tower at Erieview
1301 East Ninth Street, Ste. 1900
Cleveland, Ohio 44114-1862

*Edwards, J.*

{¶1} Plaintiff-appellant, Moresetta Smart, appeals from the June 30, 2010, Judgment Entries of the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2} On February 16, 2010, appellant and her husband filed a complaint against appellees Aultman Hospital, Dr. Michael Rich and Dr. Ike Nkanginieme based on care that she had received while a patient at appellee Aultman Hospital in February of 2008. Appellant, in her complaint, alleged causes of action for intentional infliction of emotional distress, false imprisonment, negligent infliction of emotional distress, discrimination/retaliation/race/harassment in violation of R.C. 4112.02 and fraud. Appellant and her husband filed an amended complaint on February 17, 2010.

{¶3} Thereafter, on March 17, 2010, appellee Dr. Michael Rich filed a Motion for Judgment on the Pleadings pursuant to Civ.R. 12(C). Appellee Dr. Rich, in his motion, argued that appellant's claims were medical claims under R.C. 2305.113 and were not filed within the one year statute of limitations. Appellee Dr. Rich further argued that appellant had failed to file an affidavit of merit as required by Civ.R. 10(D)(2). On March 22, 2010, appellee Dr. Nkanginieme filed a Motion to Dismiss appellant's amended complaint pursuant to Civ.R. 12(B)(6), 12(C) and Civ.R. 10(D)(2), alleging that appellant's medical claims were barred by the one year statute of limitations in R.C. 2305.113 and that appellant and her husband failed to attach an affidavit of merit to their amended complaint as required by Civ.R. 10(D)(2).

{¶4} Subsequently, on March 23, 2010, appellee Aultman Hospital filed a Motion to Dismiss appellant's amended complaint pursuant to Civ.R. 12(B)(6) and

Civ.R. 11. Appellee Aultman Hospital, in its motion, alleged that while appellant signed the amended complaint, "the allegations and legal arguments are clearly authorized by her husband," a non-attorney. In short, appellee Aultman Hospital alleged that appellant's husband was acting as appellant's attorney in this case. Appellee Aultman Hospital further argued that appellant's amended complaint failed to comply with Civ.R. 10(B) and Civ.R. 10(D)(2) and that the amended complaint should be dismissed for failure to state a claim upon which relief can be granted.

{¶5} Pursuant to a Judgment Entry filed on June 30, 2010, the trial court granted appellee Dr. Rich's Motion for Judgment on the Pleadings. The trial court found that appellant and her husband had not demonstrated that they could prove any set of facts entitling them to relief, that their claim against appellee Dr. Rich was a medical claim that was barred by the one year statute of limitations in R.C. 2305.113, and that they had failed to comply with Civ.R. 10(D)(2). As memorialized in a separate Judgment Entry filed on June 30, 2010, the trial court granted the Motions to Dismiss filed by appellee Aultman Hospital and appellee Dr. Nkanginieme for the same reasons.

{¶6} Appellant now appeals from the trial court's two June 30, 2010, Judgment Entries, raising the following assignments of error on appeal:

{¶7} "I. WHETHER THE JUDGE ABUSE [SIC] IT [SIC] DECESTION [SIC] TO MAKE KNOWN CONFLICTS OF INTEREST.

{¶8} "II. WHETHER THE JUDGE ABUSE [SIC] ITS [SIC] DISCRECTION [SIC] WHEN IT [SIC] FAILED TO DISQUALIFY ITS [SIC] SELF [SIC] IN ANY PROCEEDING IN WHICH THE JUDGE [SIC] IMPARTIALITY MIGHT REASONABLY BE QUESTIONED.

{¶9} "III. WHETHER THE JUDGE LABORS UNDER A CONFLICT OF INTEREST OR BIAS TOWARDS THE PLAINTIFF."

I, II, III

{¶10} Appellant, in her three assignments of error, essentially states that the trial court was not impartial, was biased against her and had undisclosed conflicts of interest and that, on such basis, the judgment of the trial court should be reversed.

{¶11} "The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11, 663 N.E.2d 657, citing, Section 5(C), Article IV, Ohio Constitution, and *Adkins v. Adkins* (1988), 43 Ohio App.3d 95, 539 N.E.2d 686.

{¶12} R.C. 2701.03 provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. *Id.* Specifically, R.C. 2701.03(A) provides, in relevant part:

{¶13} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."  R.C. 2701.03(A).

{¶14} Thus, an appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. *State v. Ramos* (1993), 88 Ohio App.3d 394, 398, 623 N.E.2d 1336

{¶15} Accordingly, this Court is without the authority to determine the disqualification of a common pleas court judge. Nor is this Court the proper forum in which to litigate whether the trial court judge should have disqualified herself. In addition, the appellant does not point to anywhere in the record where she claims that the trial court judge acted in a prejudicial way against the appellant. The arguments presented by the appellant in her brief filed September 20, 2011, set forth that it was the appellees and appellees' attorneys, not the trial court judge, who engaged in misconduct. Appellant's three assignments of error are, therefore, overruled.[1]

---

[1] The statement of the assignments of error were not supported by the discussion which followed those assignments.

{¶16}  Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.


By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0203

[Cite as *Smart v. Aultman Hosp.*, 2011-Ohio-1318.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MORESETTA SMART | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| AULTMAN HOSPITAL, et al., | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2010CA00206 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES