448

THE STATE, EX REL. MADISON ET AL., *v.* COTNER ET AL.

(No. 81-741—Decided June 11, 1981.)

*Messrs. Parks, Eisele, Bates & Wilsman, Mr. James M. Wilsman* and *Mr. Edward M. Janis,* for relators.

*Mr. Floyd B. Oliver, Messrs. Berkman, Gordon, Murray & Palda, Mr. Bernard A. Berkman* and *Mr. J. Michael Murray,* for respondents members of city council.

*Climaco, Seminatore, Lefkowitz & Kaplan, Co., L.P.A., Mr. John R. Climaco* and *Mr. Shimon Kaplan,* for respondent Mercedes Cotner.

*Per Curiam.* All respondents have filed motions to dismiss. After examination of these motions, we are of the opinion that they are without merit.

Respondent Cotner urges dismissal of relators' complaint for failure to join as indispensable parties the city of Cleveland and the Attorney General of Ohio, pursuant to R. C. 2721.12. Examination of that statute reveals it applies to actions in which declaratory relief is sought. This is an original action in mandamus; therefore, that statute is inapplicable. Further, we find that all parties necessary for just adjudication are presently before this court. For the foregoing reasons, this motion is overruled.

Respondent Cotner further requests this court to strike relators' complaint for noncompliance with R. C. 2731.04 which requires mandamus complaints to be verified. This contention is not well taken. Civ. R. 11 provides in part: "Except as otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." We find that the verification requirements contained in R. C. 2731.04 have been displaced by Civ. R. 11. See *State, ex rel. Millington,* v. *Weir* (1978), 60 Ohio App. 2d 348.

Finally, respondents members of city council move that

they be dismissed from this action, arguing in essence that until the city clerk has submitted and certified the petition to council no duty exists to enact an ordinance setting forth a special election. We find this contention to be without merit. That the clerk's acts may be imputed to council cannot seriously be disputed. Under Section 31 of the Cleveland City Charter, respondent Cotner is appointed by council, serves at its pleasure and is obligated to perform such duties as council may require. Therefore, respondents' motion is overruled.

We now turn our attention to the substantive issues presented. Relators submitted their petition to respondent Cotner on April 15, 1981. On April 27, 1981, respondent was advised by the board of elections that 17,318 signatures were found to be those of registered electors. Based upon the last general election held in Cleveland, the petition contained the requisite number of signatures.

Section 51 of the city charter specifies: "***Within ten (10) days from the filing of a petition the clerk shall ascertain whether it is signed by the required number of qualified electors. Upon the completion of his examination the clerk shall endorse upon the petition a certificate of the result thereof."

Respondent Cotner failed to comply with Section 51 when the original petition was merely termed "insufficient." Inherent in a declaration of insufficiency is the duty to specify the nature of the defect. Otherwise, Section 52 is rendered meaningless. This section permits the filing of additional part-petitions within 15 days after the original petition is declared insufficient. However, if petitioners are never advised of the specific defect, correction becomes an impossibility.

Relators circulated and filed additional part-petitions, pursuant to Section 52, in an attempt to cure what was believed to be a deficiency in the number of qualified signatures. On May 11, 1981, respondent notified relators that the amended petition was invalid for failure to comply with the provisions of R. C. 3501.38(E). This section requires each part-petition to contain a statement by the circulator, made under penalty of election falsification, that he witnessed the affixing of every signature, that all signers were believed qualified to sign, and that every signature is believed to be the signature of the person who signed. It has no applicability to relators' petition.

R. C. 731.41 excludes municipalities which have adopted charter provisions for referendums and initiatives from compliance with R. C. 731.28 through 731.41. *Dillon* v. *Cleveland* (1927), 117 Ohio St. 258; *State, ex rel. Ohio National Bank,* v. *Lancione* (1978), 54 Ohio St. 2d 416. Sections 49 and 50 of the Cleveland City Charter contain such provisions.

Thus, in *Ohio National Bank, supra,* at 418, this court in finding R. C. 3501.38(E) inapplicable to the circulators' petitions, stated: "It is apparent, therefore, that the circulators need not be in compliance with R. C. 731.29 to 731.40, or other provisions of the Revised Code relating to a referendum, but must be in compliance with the city charter. There is no contention * * * that the circulators were not in compliance with the charter, and, therefore, the referendum issue was properly placed on the June ballot * * *." Since respondent Cotner misapplied R. C. 3501.38(E) and has failed to contend that the original petition was in any respect violative of the city charter, we find the original petition was sufficient.

This is not the first time respondent Cotner has attempted to sound the death knell to a valid initiative petition. See *State, ex rel. Perk,* v. *Cotner* (1973), 33 Ohio St. 2d 13. It is inconceivable that council stands idly by while the city clerk, single-handedly, encompasses the defeat of a valid initiative and denies the electorate a free choice of adopting or rejecting the contents of that petition.

Respondent clerk has a history before this court requiring repeated review of her actions concerning proposed amendments to the Cleveland City Charter. See *State, ex rel. Perk, supra; Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140. It is obvious that clerk and council have acted in concert to nullify the proposed initiative.

We find that relators' petition, having been valid as originally submitted, imposes upon all respondents herein a clear legal duty to take all actions necessary to submit the proposed amendment to the electorate no later than June 30, 1981.

The writ of mandamus is allowed. Respondents members of city council are hereby ordered to perform their mandatory duty to enact an ordinance, forthwith, providing that the proposed amendment contained in relators' initiative petition be

submitted to the electorate of the city of Cleveland in a special election to be held no later than June 30, 1981.

This court has full power in exercising its original jurisdiction to take all steps necessary to carry its order and judgment into execution. By virtue of that power, and in order that the will of the people not be frustrated in the event respondents fail to comply with this order, it will be deemed self-executing. The Clerk of the Ohio Supreme Court shall immediately certify this judgment to the Secretary of State and, in the event of respondents' noncompliance, the Secretary of State is directed upon the force of this order to utilize such portion of this order as is necessary to conduct this special election no later than June 30, 1981.

*Writ allowed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.