OPINION AND JOURNAL ENTRY
{¶ 1} Relator, Richard Clark, Sr., a prison inmate and pro se litigant, has filed a petition for a writ of mandamus against respondent, Mahoning County Common Pleas Court Judge Krichbaum. Respondent has filed a motion to dismiss.
 {¶ 2} Relator was convicted of gross sexual imposition of a minor in violation of R.C. 2907.05(A)(4), a felony of the third degree, and rape in violation of R.C. 2907.02(A)(1)(b)(B), a felony of the first degree following a jury trial in the Mahoning County Court of Common Pleas. He was sentenced on June 22, 2004, to five years of incarceration for gross sexual imposition consecutive to life imprisonment on the rape conviction. Relator was also designated a sexual violent predator.
 {¶ 3} Relator's convictions stemmed from an incident that occurred at his son's birthday party sleep-over on November 9, 2002, in Youngstown, Ohio. Relator fondled and performed oral sex on his son's twelve-year-old friend after his son fell asleep.
 {¶ 4} Relator appealed his conviction to this court asserting four assignments of error. We overruled each of his assignments of error and affirmed his conviction, finding: (1) Relator's waiver of his speedy trial extended to his superseding indictment; (2) admitting as other acts evidence testimony of Relator's stepson, that Relator had repeatedly raped him since he was eight years old, was not plain error; (3) probative value of Relator's prior convictions on four counts of gross sexual imposition substantially outweighed any prejudicial effect; and (4) failing to bifurcate sexually violent predator determination from underlying offenses was not plain error. State v. Clark, 7th Dist. No. 04 MA 246, 2006-Ohio-1155, 2006 WL 621562, appeal not allowed by110 Ohio St.3d 1412, 2006-Ohio-3306, 850 N.E.2d 73, and again by112 Ohio St.3d 1494, 2007-Ohio-724, 862 N.E.2d 119.
 {¶ 5} Relator subsequently pursued additional claims through postconviction relief. On October 28, 2005, the trial court denied Relator's petition for postconviction relief. Relator appealed that decision to this court and we affirmed. State v. Clark, 7th Dist. No. 06-MA-26, 2007-Ohio-2707.
 {¶ 6} Concerning Relator's direct appeal, on October 17, 2006, this court *Page 2 
issued a journal entry allowing Relator to reopen his appeal limited to issues regarding the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. We vacated Relator's sentence and remanded his case to the trial court for resentencing in accordance with Foster. State v. Clark, 7th Dist. No. 02 MA 246, 2007-Ohio-1114.
 {¶ 7} Upon remand on April 18, 2007, Relator was sentenced again to five years of incarceration for gross sexual imposition consecutive to life imprisonment on the rape conviction. Relator filed a notice of appeal of that sentencing decision to this court and, at present, no further action has been taken on that appeal. State v. Clark, 7th Dist. No. 07-MA-87.
 {¶ 8} On March 30, 2007, Relator filed the present petition for a writ of mandamus. Relator seeks to compel respondent to allow him his right of allocution. Relator also sets forth allegations of bias on the part of respondent as the sentencing judge. Respondent filed a motion to dismiss on April 17, 2007, highlighting what it perceives as the procedural and substantive deficiencies presented by Relator's petition.
 {¶ 9} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim may be granted when it appears beyond doubt from the face of the petition, presuming the allegations contained therein are true, that the relator can prove no facts which would warrant the relief sought.State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80,537 N.E.2d 641. To withstand a motion to dismiss, a complaint must contain, with sufficient particularity, a statement of the clear legal duty of the respondent to perform the act requested. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Ed. (1995), 72 Ohio St.3d 94, 95,647 N.E.2d 788.
 {¶ 10} First, we address the alleged procedural irregularity surrounding Relator's petition. As Respondent indicates, R.C. 2731.04
contains specific requirements for filing a petition for a writ of mandamus: "Application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, andverified by affidavit." (Emphasis added.) Here, Relator's petition is not *Page 3 
verified by affidavit. However, this omission is not a fatal defect by itself since the verification requirements contained in RC 2731.04 have been displaced by Civ. R. 11. State ex rel. Madison v. Cotner (1981), 66 Ohio St.2d 448, 449, 20 O.O.3d 381, 423 N.E.2d 72.
 {¶ 11} Yet still, unsupported conclusions in a petition for a writ of mandamus are not considered admitted and are not sufficient to withstand a motion to dismiss. State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324, 544 N.E.2d 639. This more accurately describes the state of Relator's petition.
 {¶ 12} We turn now to the substantive nature of the claims in Relator's petition. In order to be entitled to a writ of mandamus a relator must establish a clear legal right to the requested relief, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law.State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,663 N.E.2d 639. The burden is on the relator to establish the elements to obtain the writ. State ex rel. Dehler v. Sutula (1995),74 Ohio St.3d 33, 656 N.E.2d 332.
 {¶ 13} Mandamus is not the proper legal remedy to correct errors and procedural irregularities in the course of a case. State ex rel. Sims v.Griffin (Nov. 20, 2001), 8th Dist. No. 79029. "Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded." Id.
 {¶ 14} Here, Relator has or had adequate remedies at law through appeal and postconviction relief for review of his claimed errors. SeeState ex rel. Jaffal v. Calabrese, 105 Ohio St.3d 440, 2005-Ohio-2591,828 N.E.2d 107, at ¶ 5.
 {¶ 15} Concerning Relator's right of allocution, Crim.R. 32(A)(1) states:
 {¶ 16} "(A) Imposition of sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, thecourt shall do all of the following:
 {¶ 17} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or shewishes to make a *Page 4 statement in his or her own behalf or present any information in mitigation of punishment." (Emphasis added.)
 {¶ 18} The Ohio Supreme Court has held that, "[i]n a case in which the trial court has imposed sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error." State v. Campbell (2000), 90 Ohio St.3d 320,738 N.E.2d 1178, paragraph three of the syllabus. However, the proper forum to raise this as error is in a defendant's direct appeal, not in a mandamus action. See, e.g., State v. Robenolt, 7th Dist. No. 04 MA 104,2005-Ohio-6450.
 {¶ 19} A mandamus action is likewise an improper forum for Relator's claims regarding alleged bias on the part of the trial court judge. The Chief Justice of the Supreme Court of Ohio, or his designee, has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." Jones v. Billingham (1995), 105 Ohio App.3d 8,11, 663 N.E.2d 657, citing Section 5(C), Article IV, Ohio Constitution;Adkins v. Adkins (1988), 43 Ohio App.3d 95, 539 N.E.2d 686. R.C. 2701.03
provides the exclusive means by which a litigant can assert that a common pleas judge is biased or prejudiced. Id. R.C. 2701.03(A) provides:
 {¶ 20} "If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section."
 {¶ 21} An appellate court lacks the authority to pass upon the disqualification of a common pleas court judge or to void the judgment of a trial court on that basis. State v. Ramos (1993),88 Ohio App.3d 394, 398, 623 N.E.2d 1336.
 {¶ 22} For these reasons, the Respondents' motion to dismiss is granted and *Page 5 
this complaint is dismissed. Costs of this proceeding are taxed against Relator.
 {¶ 23} Final order. Clerk to serve notice as provided by the civil rules.
 Donofrio, J. concurs. Vukovich, J. concurs. Waite, J. concurs. *Page 1