OPINION AND JOURNAL ENTRY
{¶ 1} On September 28, 2007, Relator Joseph Planey filed a pro se complaint with this Court seeking a writ of mandamus against Mahoning County Court of Common Pleas Magistrate Donald Hepfner, Relator's ex-wife Suzanna Planey, her attorney Charles Dunlap, and Fidelity Investments. The underlying dispute arises from Relator's domestic and civil cases pending in the Mahoning County Court of Common Pleas and concerns the division of his pension. In this mandamus action, Relator asks us to stay his domestic case, 1994 DR 929, until his civil case, 2007 CV 00115, is resolved.
 {¶ 2} In response, Charles Dunlap and Suzanna Planey filed a motion to dismiss Relator's complaint. Magistrate Hepfner was granted leave and also filed a motion to dismiss Relator's complaint. These motions allege that Relator has failed to state a claim for which relief may be granted under Civ.R. 12(B)(6). Fidelity Investments filed an answer in this matter, indicating that it is an incidental party. For the following reasons, we grant Respondents' motions to dismiss and find that Relator's complaint fails both on it face and in substance.
 {¶ 3} According to the motion to dismiss filed on behalf of Ms. Planey and her attorney, the parties were divorced on September 1, 1995, under case number 1994 DR 929. Suzanna filed post-divorce motions in an effort to enforce her rights as determined by the final divorce entry. In apparent response, Relator filed a civil suit in the Mahoning County Court of Common Pleas seeking a stay against the proceedings in the domestic relations division. *Page 2 
 {¶ 4} Relator also filed a writ of prohibition in this Court in an attempt to prohibit the Mahoning County Court of Common Pleas from entertaining a motion to approve a qualified domestic relations order. We denied this writ on September 13, 2007. (Sept. 13, 2007, Opinion and Journal Entry.)
 {¶ 5} In their respective motions to dismiss the present action, Respondents assert that Relator's application for a writ of mandamus is defective on its face since it does not comply with R.C. 2731.04. R.C.2731.04 states, "[application for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice."
 {¶ 6} Despite the language in the statute, Relator's failure to file an affidavit with his petition is not a fatal defect. The verification requirement specified in R.C. 2731.04 has been displaced by Civ.R. 11 and is no longer applicable. State ex rel. Madison v. Cotner (1981),66 Ohio St.2d 448, 423 N.E.2d 72, 20 O.O.3d 381; State ex rel. Clark v.Krichbaum, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, at ¶ 10; Paulette v.Tablack (March 17, 1999), 7th Dist. No. 98 C.A. 196, 2.
 {¶ 7} However, failure to properly caption a mandamus action does constitute sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270; State ex rel. Morton v. Pokorny (Mar. 1, 2001), 8th Dist. No. 79187, at 3. Further, if a respondent alerts a relator of his or her failure to properly caption a mandamus action *Page 3 
and the relator does not seek leave to amend his or her complaint, "to comply with R.C. 2731.04, the mandamus action must be dismissed."Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382, ¶ 36, citing Litigaide, Inc. v. Lakewood Police Dept. Custodian ofRecords (1996), 75 Ohio St.3d 508, 664 N.E.2d 521.
 {¶ 8} All of the motions to dismiss address to some extent Relator's failure to properly caption his complaint. As they contend, the complaint in this action does not purport to be made by the state "on relation" to or of Relator. Instead, the caption reads "Joseph Planey, Pro Se Plaintiff-Relator vs. Magistrate Donald Hepfner, et. al." Despite the fact that he was alerted to the problem in Respondents' motions to dismiss, Relator did not seek leave to amend his complaint to comply with R.C. 2731.04. On its face, then, his complaint is defective. This defect alone provides a basis for dismissing this action.Blankenship, supra.
 {¶ 9} Additionally, a writ of mandamus is, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty * * *." R.C. 2731.01. In order for a writ of mandamus to issue, the relator must prove: "`(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law.'" State ex rel. Westbrook, v.Ohio Civ. Rights Comm. (1985), 17 Ohio St.3d 215, 17 O.B.R. 449,478 N.E.2d 799, quoting State, ex rel. Harris, v. Rhodes (1978),54 Ohio St.2d 41, 42, 374 N.E.2d 641; State *Page 4 ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 13.
 {¶ 10} In the body of his complaint, Relator explains that he seeks a stay of the domestic action based on the fact that Attorney Dunlap claiming that resolution of the domestic case will resolve all pending issues in the parties' civil case. Relator apparently disagrees with this contention.
 {¶ 11} Relator alleges in his complaint that Magistrate Hepfner has treated him unfairly in the pending domestic relations matter and that Hepfner is attempting to "ambush" his case by imposing unrealistic deadlines.
 {¶ 12} Relator further claims that Magistrate Hepfner and Attorney Dunlap are attempting to secure confidential information from Fidelity Investments regarding his Individual Retirement Account (IRA.) Relator also seeks an order safeguarding information he considers personal and confidential regarding the Fidelity IRA. Instead of informing the court as to his evidence in this matter or more specific details, he asks that this matter be set for an evidentiary hearing.
 {¶ 13} Respondent Hepfner argues in his motion to dismiss that the relief Relator seeks is injunctive in nature, and that a mandamus action filed in the court of appeals is not an available remedy because appellate courts do not have jurisdiction to issue injunctive relief.State ex rel. Pressley v. Indus. Comm. (1967), 11 Ohio St.2d 141,228 N.E.2d 631, 40 O.O.2d 141, paragraph four of the syllabus; State ex relWalker v. Bowling Green (1994), 69 Ohio St.3d 391, 632 N.E.2d 904. *Page 5 
 {¶ 14} The Supreme Court explained in State ex rel. Pressley, "where a petition which is labeled an `action in mandamus' but its allegations, in effect, seek an injunctive remedy to restrain and enjoin the respondents rather than to compel respondents to perform a clear legal duty, such a petition does not state a cause of action in mandamus but states a cause of action in injunction, and, since this court does not have original jurisdiction in injunction, such a petition must be dismissed on the ground that it does not state a cause of action in mandamus." (Emphasis in original.) Id. at 150.
 {¶ 15} It is readily apparent from the complaint that Relator is really asking this Court to stop the domestic relations court from exercising jurisdiction over a matter which is fully within its jurisdiction to hear. Thus, it does appear that, in actuality, Relator seeks injunctive relief here. Based on the above, this matter does not state a cause of action in mandamus and must be dismissed.
 {¶ 16} Further, it is also alleged that Relator had an adequate remedy at law, and as such, is not entitled to the extraordinary relief a writ of mandamus provides. Relator complains that he did not timely receive Hepfner's order as to the division of property, dated September 20, 2007. Relator claims that he received the order on September 27, 2007. Because the order was received seven days after it was issued, he claims he was precluded from filing a motion to set aside the division within the 10-day period required by Civ.R. 53(D). Even if true, these facts do not support the conclusion that Relator had no adequate remedy at law. By his own admission, Relator had at least three days to prepare and file the requisite motion to *Page 6 
set aside the magistrate's order. He apparently did not do so. Thus, in his own complaint he admits that he had a remedy at law he did not pursue.
 {¶ 17} For all of the foregoing, Respondents' motions to dismiss Relator's application for a writ of mandamus are granted and the complaint is hereby dismissed. Relator's request for stay is denied.
 {¶ 18} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite. J., concurs.
Vukovich, J., concurs.
 DeGenaro, P.J., concurs. *Page 1