OPINION AND JUDGMENT ENTRY
{¶ 1} Relator Jesse McQueen, has filed a pro se complaint for writ of mandamus against Mahoning County Common Pleas Court Judge, Respondent James C. Evans. The complaint seeks to have Respondent "adjudicate" a motion for jail time credit that Relator filed on January 4, 2008, in which he seeks additional jail time credit for the time he spent on electronically monitored house arrest. Respondent has filed a motion to dismiss Relator's complaint.
 {¶ 2} As a threshold matter, Respondent argues that Relator's complaint for writ of mandamus is facially defective for failure to comply with R.C. 2731.04. R.C. 2731.04 states that an "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit. The court may require notice of it to be given to the defendant, or grant an order to show cause why it should not be allowed, or allow the writ without notice."
 {¶ 3} This court recently addressed a similar argument advanced by a respondent in regard to the face of the petition in Planey v.Hepfner, 7th Dist. No. 07 MA 172, 2008-Ohio-711:
 {¶ 4} "Despite the language in the statute, Relator's failure to file an affidavit with his petition is not a fatal defect. The verification requirement specified in R.C. 2731.04 has been displaced by Civ. R. 11 and is no longer applicable. State ex rel. Madison v. Cotner (1981), 66 Ohio St.2d 448, 423 N.E.2d 72, 20 O.O .3d 381; State ex rel. Clark v.Krichbaum, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, at ¶ 10; Paulette v.Tablack (March 17, 1999), 7th Dist. No. 98 C.A. 196, 2.
 {¶ 5} "However, failure to properly caption a mandamus action does constitute sufficient grounds for denying the writ and dismissing the petition. Maloney v. Court of Common Pleas of Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270; State ex rel. Morton v. Pokorny (Mar. 1, 2001), 8th Dist. No. 79187, at 3. Further, if a respondent alerts a relator of his or her failure to properly caption a mandamus action and the relator does not seek leave to amend his or her complaint, `to comply with R.C. 2731.04, the mandamus action must be dismissed.'Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382, ¶ 36, citing Litigaide, Inc. v. *Page 2 Lakewood Police Dept. Custodian of Records (1996), 75 Ohio St.3d 508,664 N.E.2d 521." Id. at ¶ 6-7.
 {¶ 6} In the motion to dismiss, Respondent here clearly addresses Relator's failure to properly caption his complaint. The complaint in this action is not made by the State "on relation" to or of Relator. Instead, the caption reads "JESSE MCQUEEN * * * Relator vs. JAMES C. EVANS (Judge) * * * Respondent." Despite the fact that he was alerted to the problem in Respondent's motion to dismiss, Relator did not seek leave to amend his complaint to comply with R.C. 2731.04. On its face then, his complaint is defective. This defect alone provides a basis for dismissing this action. Blankenship, supra.
 {¶ 7} But, even addressing the merits of Relator's complaint necessitates dismissal. Although Relator has styled this action as one seeking a writ of mandamus, in reality Relator seeks a writ of procedendo to compel the trial court to rule on his pending motion for jail time credit. In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. State ex rel.Miley v. Parrott (1996), 77 Ohio St.3d 64, 65. A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. Id.
 {¶ 8} In this case, Relator filed his motion for jail time credit on January 4, 2008. In some cases, a writ of procedendo may issue for a trial court's failure to rule on such a motion if more than six months has elapsed. See, e.g., State ex rel. Hunter v. Hastings, 8th Dist. No. 87455, 2006-Ohio-806. However, when Relator filed this complaint on June 20, 2008, only five months and sixteen days had elapsed. Moreover, Relator filed an amendment to the motion for jail time credit on May 8, 2008, which should, in fairness to the trial court, entitle it to additional time within which to rule upon it. In sum, Relator's complaint in this regard is premature.
 {¶ 9} Finally, concerning the motion that remains pending below, it should be *Page 3 
noted that this court has recently come to the conclusion that a criminal defendant is not entitled to credit for time served while on electronically monitored house arrest. State v. Gowdy, 7th Dist. No. 07 MA 103, 2008-Ohio-1533.
 {¶ 10} For all of the foregoing reasons, Respondent's motions to dismiss Relator's complaint for writ of mandamus is granted and the complaint is hereby dismissed.
 {¶ 11} Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Donofrio, J. concurs.
Waite, J. concurs.
 DeGenaro, J. concurs. *Page 1