OPINION AND JUDGMENT ENTRY
{¶ 1} Relator Lawrence E. Ross has filed a petition for writ of mandamus in an attempt to receive a certified copy of a petition for post-conviction relief allegedly filed in Mahoning County. Respondent Anthony Vivo, Mahoning County Clerk of Courts, has filed a motion to dismiss the petition. For the following reasons, we sustain Respondent's motion to dismiss.
 {¶ 2} Relator's petition for writ of mandamus alleges that he is currently incarcerated, that he is acting pro se, and that he requests this Court to issue an order to Respondent to forward to him a certified copy of a petition for post-conviction relief filed on February 2, 2001.
 {¶ 3} A writ of mandamus is defined as, "a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. A writ of mandamus may be granted if the court finds that the relator has a clear legal right to the relief requested, respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. State ex rel. Rogers v. Taft (1992),64 Ohio St.3d 193, 594 N.E.2d 576; State ex rel. Hodges v. Taft (1992),64 Ohio St.3d 1, 3, 591 N.E.2d 1186. In order to constitute an adequate remedy at law, the alternative must be complete, beneficial, and speedy.State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206, ¶ 19.
 {¶ 4} On August 13, 2008, Respondent filed a motion to dismiss pursuant to Civ. R. 12(B)(6). Dismissal under Civ. R. 12(B)(6) is appropriate if, after all factual *Page 2 
allegations are presumed true and all reasonable inferences are made in Relator's favor, it appears beyond doubt that there are no set of facts that could warrant the requested extraordinary relief in mandamus.State ex rel. Talwar v. State Med. Bd. of Ohio, 104 Ohio St.3d 290,2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.
 {¶ 5} It is clear from Relator's petition that he has not set forth any legal right to the relief he has requested, nor pointed to any clear legal duty that Respondent could be compelled to perform. It appears that Relator's petition for writ of mandamus is actually a public records request. Such requests are governed by R.C. 149.43, and R.C. 149.43(B)(8) specifically sets forth the rules governing a public records request by a person presently incarcerated. As is made clear in R.C. 149.43(C), a person is not entitled to file a mandamus action to request public records unless a prior request for those records has already been made and was denied:
 {¶ 6} "(C)(1) If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may commence a mandamus action * * *."
 {¶ 7} Relator has not alleged that he ever asked Respondent to supply him with a copy of his petition for post-conviction relief, or that Respondent refused to give him such a copy. Relator appears to be using this mandamus action to bypass *Page 3 
the first step in a public records request, namely, an actual request for the public record from the person or agency in charge of the record.
 {¶ 8} Respondent further argues that Relator has not met one of the procedural requirements for filing a writ of mandamus. Respondent argues that a petition for writ of mandamus must be verified by affidavit as set forth in R.C. 2731.04. Respondent is mistaken. The requirement that a petition for writ of mandamus be verified by affidavit has been effectively eradicated by Civ. R. 11, which states: "Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." State ex rel. Madison v.Cotner (1981), 66 Ohio St.2d 448, 449, 423 N.E.2d 72; State ex rel.Clark v. Krichbaum, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, ¶ 10.
 {¶ 9} It is evident that Relator has a plain and adequate remedy at law in that he may pursue a public records request, as an inmate pursuant to R.C. 149.43(B)(8). Relator's petition does not set forth any set of facts by which relief in mandamus could be granted, and therefore, we sustain Respondent's motion to dismiss.
 {¶ 10} Petition denied. Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.
Waite, J., concurs.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1