[Cite as *State ex rel. Montgomery v. Kerr*, 2013-Ohio-5170.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | ) | |
| THEODIS MONTGOMERY, JR. | ) | CASE NO. 13 JE 26 |
| | ) | |
| RELATOR, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| HON. SAMUEL KERR, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Mandamus

JUDGMENT:                                      Petition Denied.

APPEARANCES:
For Relator:                                      Theodis Montgomery, Jr., Pro-se
                                                         #A 590992
                                                         Lake Erie Correction Institution
                                                         501 Thompson Road
                                                         P.O. Box 8000
                                                         Conneaut, OH  44030

For Respondent:                             Attorney Jane M. Hanlin
                                                         Prosecuting Attorney
                                                         Attorney Michael J. Calabria
                                                         Asst. Prosecuting Attorney
                                                         Jefferson County Justice Center
                                                         16001 State Route 7
                                                         Steubenville, OH  43952

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                         Dated:  October 28, 2013

PER CURIAM:

{¶1} Relator, Theodis Montgomery, Jr., filed a pro-se Petition for a Writ of Mandamus seeking an order compelling Respondent, Jefferson County Probate Court Judge Samuel Kerr, to vacate a February 28, 2012 judgment approving and settling the final and distributive account for the estate of Theodis Montgomery, Sr. For the following reasons, we deny the writ and dismiss the petition.

{¶2} According to the petition, Relator argues that he was not provided with notice of the probate court proceedings regarding the administration of the estate of his father, Theodis Montgomery, Sr., to which he claims to have an interest. Specifically, he contends that he was not provided with notice of the final account. Accordingly, Relator states that he was unable to file exceptions/objections to the administration of his father's estate. Relator filed his petition for mandamus on August 28, 2013. He attached what he purported to be an affidavit in support of his petition, however this document was not notarized. This is not fatal to our consideration of the merits. The requirement that a petition for writ of mandamus be verified by affidavit has been effectively displaced by Civ.R. 11, which states: "Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." Civ.R. 11. *See State ex rel. Clark v. Krichbaum*, 7th Dist. No. 07-MA-66, 2007-Ohio-3185, at ¶10, citing *State ex rel. Madison v. Cotner* , 66 Ohio St.2d 448, 449, 423 N.E.2d 72 (1981).

{¶3} This court has jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. In order to be entitled to a writ of mandamus a relator must establish: (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of law. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996). The burden is on the relator to establish the elements to obtain the writ. *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 34, 656 N.E.2d 332 (1995).

{¶4} The office of the prosecuting attorney filed a motion to dismiss the petition on behalf of the probate court judge on October 11, 2013. "[A] court can dismiss a

mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶9.

{¶5} Respondent argues that Relator's petition fails because he has a plain and adequate remedy at law, specifically a direct appeal, and further argues Relator has no clear right to the relief requested. Respondent is correct in both of these assertions. Mandamus is not the proper legal remedy to correct errors and procedural irregularities in the course of a case. *Ex rel. Clark,* at ¶13 citing *State ex rel. Sims v. Griffin,* 8th Dist. No. 79029, 2001 WL 1671437 (Nov. 20, 2001). Indeed, Relator has filed a direct appeal, which is currently pending in this court, alleging the same general arguments as contained in his petition herein. (*In the Matter of the Estate of Theodis Montgomery*, *Sr.*, Case No. 13-JE-20).

{¶6} Further, Relator's petition does not allege that he has a clear legal right to the relief sought. "In the body of law covering extraordinary legal remedies it is fundamental that before a writ of mandamus will be allowed the relator must establish a clear right to the relief sought." *State ex rel. Welsh v. Ohio State Medical Board*, 176 Ohio St. 136, 198 N.E.2d 74 (1964). Accordingly, the petition is denied. Costs taxed against Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

DeGenaro, P.J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.