[Cite as *Perry v. Sweeney*, 2020-Ohio-119.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

MORRIS PERRY, SR.,

Relator,

v.

JUDGE MAUREEN A. SWEENEY, COMMON PLEAS COURT JUDGE,
Respondent.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 19 MA 0016

---

Writ of Mandamus

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Morris Perry, Sr., Pro se*, Inmate No. 195, Mahoning County Justice Center, 110 Fifth Avenue, Youngstown, Ohio 44503.

Dated: January 9, 2020

**PER CURIAM.**

{¶1} Relator Morris Perry, Sr., proceeding on his own behalf, has filed this original action for a writ of mandamus asking this Court to compel Respondent Judge Maureen A. Sweeney of the Mahoning County Common Pleas Court to rule on certain pretrial motions. These motions were also filed by Relator on his own behalf, although he is represented by counsel, and involve a pending criminal case in which he is the defendant. *State v. Perry*, Mahoning C.P. No. 2018 CR 00997. Counsel for Respondent has filed a combined answer and motion to dismiss, highlighting procedural deficiencies in Relator's petition as well as arguing that it should fail on the substantive merits.

{¶2} The Mahoning County Grand Jury indicted Relator on one count of felony-life rape. Although the case has a lengthy, complicated, and confusing procedural history, it remains in the pretrial phase. This is due in large part to Relator's dissatisfaction with his first appointed trial counsel, his filing of pretrial motions on his own behalf while represented by counsel, his unsuccessful attempt to have the trial court judge disqualified from presiding over the case, and his successful bid to obtain new appointed trial counsel.

{¶3} Generally, a relator may file an original action seeking a writ of mandamus or a writ of procedendo to compel a court to rule on a pending motion. A writ of mandamus is an extraordinary remedy which should be exercised by this Court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St.3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) relator has a clear legal right to the relief, (2) respondent has a clear legal duty to provide that relief, and (3) there is no other adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶4} The state argues that Relator's petition contains three procedural deficiencies, each of which emanate from R.C. 2969.21 et seq. which imposes certain procedural requirements on civil actions or appeals brought by inmates. Following his indictment, Relator was taken into custody and incarcerated in the county jail. While at one point Relator was released after posting a $50,000.00 surety bond, it appears he violated the conditions of that bond and has since been returned to the county jail. Regardless whether Relator is jailed or has been released on bond while awaiting trial, Relator does not fall within the definition of an "inmate." An " 'inmate' means a person who is in actual confinement in a state correctional institution or in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse or a releasee who is serving a sanction in a violation sanction center." R.C. 2969.21(D). Relator is not presently serving a sanction and has not been convicted or sentenced at this time. Therefore, a different set of procedural requirements apply to his petition.

{¶5} This Court is vested with jurisdiction to hear an original mandamus action pursuant to Article IV, Section 3(B)(1) of the Ohio Constitution and R.C. 2731.02. There are three specific requirements for the filing of an application for a writ of mandamus. The application (1) must be by petition, (2) in the name of the state on the relation of the person applying, and (3) verified by affidavit. R.C. 2731.04. Relator's petition does not meet the second and third requirements: it was not captioned in the name of the state on the relation of the person applying and it was not verified by affidavit.

{¶6} By itself, Relator's failure to verify his mandamus petition by affidavit, as required by R.C. 2731.04, is not a fatal defect since the verification requirements contained in R.C. 2731.04 have been displaced by Civ.R. 11. *State ex rel. Madison v.*

*Cotner*, 66 Ohio St.2d 448, 449, 423 N.E.2d 72 (1981); *State ex rel. Clark v. Krichbaum,* 7th Dist. Mahoning No. 07-MA-66, 2007-Ohio-3185, ¶ 10.

{¶7} However, Relator's failure to caption his mandamus action in the name of the state on the relation of the person applying is a different matter. If a respondent alerts a relator of his or her failure to properly caption a mandamus action and the relator does not seek leave to amend his or her complaint to comply with R.C. 2731.04, the mandamus action must be dismissed. *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, 817 N.E.2d 382, ¶ 36, citing *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records*, 75 Ohio St.3d 508, 664 N.E.2d 521 (1996). Here, the state has alerted Relator of his failure to properly caption his mandamus action by way of its combined answer and motion to dismiss, albeit relying on the incorrect Ohio Revised Code section. Relator has not responded to the combined answer and motion nor has he sought leave to amend his complaint to comply with R.C. 2731.04. Therefore, Relator's omission provides sufficient grounds to dismiss this action. *Blankenship, supra*.

{¶8} Putting the procedural deficiencies of Relator's petition aside, the petition also fails on its merits, for two reasons. First, Relator has been represented by appointed counsel at all times in the trial court proceedings. Although a criminal defendant has the right to counsel or the right to act *pro se*, a defendant does not have any right to "hybrid representation." *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-7, 514 N.E.2d 407 (1987). The right to counsel and the right to act *pro se* "are independent of each other and may not be asserted simultaneously." *Martin* at paragraph one of the syllabus.

**{¶9}** Accordingly, where "counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion." *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶ 13-15. *Accord State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶ 100, *State v. Davis,* 10th Dist. Hamilton No. 05AP–5039, 2006-Ohio-193, ¶ 12; *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 70.

**{¶10}** Second, a thorough review of the trial court docket demonstrates that his appointed trial counsel has filed motions very similar to those which Relator has filed on his own behalf. In each instance, the trial court has ruled on those motions, including a few which Relator had filed on his behalf and were not duplicative of those filed by his appointed trial counsel. Therefore, Relator's original action for a writ of mandamus before this Court is also moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990).

**{¶11}** For all of the foregoing reasons, Respondent's motion to dismiss is granted and this case is dismissed.

**{¶12}** Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.


**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**


Case No. 19 MA 0016