[Cite as *State v. Collica*, 2023-Ohio-2033.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

Respondent,

- vs -

JOSEPH J. COLLICA,

Relator.

**CASE NO. 2022-P-0089**

Original Action for Writ of Mandamus

**P E R   C U R I A M**
**O P I N I O N**

Decided: June 20, 2023
Judgment: Petition dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

*Joseph J. Collica*, pro se, PID# A753-774, Noble Correctional Institution, 15708 McConelsville Road, Caldwell, OH 43724 (Relator).

PER CURIAM.

{¶1}    Relator, Joseph Collica, filed a "Motion for Writ of Mandamus" on December 30, 2022. This Court issued an alternative writ directing respondent, the State of Ohio, to move, plead or otherwise respond to the filing.

{¶2}    On April 25, 2023, respondent, through the Portage County Prosecutor's Office, filed a Motion to Dismiss. Respondent argues for dismissal on several procedural grounds: first, because relator entitled his petition as a motion; second, because relator did not include an affidavit with his petition as required by R.C. 2731.04 and by R.C.

2969.25; third, because relator filed in his individual capacity and not in the name of the state; fourth, because relator failed to name as a respondent the person he would have us compel. Finally, respondent moves for dismissal on substantive grounds, because realtor seeks mandamus to compel "the trial court produce the entire [transcript of] proceedings at state expense" and realtor does not have a clear legal right to the relief requested.

{¶3} First, relator's failure to caption this case in the name of the State and his failure to verify his petition by an affidavit pursuant to R.C. 2731.04 are not cause for dismissal as is suggested by respondent. The Ohio Supreme Court has held that failing to file a petition "in the name of the state on the relation of the person applying" is not a jurisdictional defect requiring dismissal. *Salemi v. Cleveland Metroparks*, 145 Ohio St.3d 408, 2016-Ohio-1192, 49 N.E.3d 1296, ¶ 15. (Collecting cases). Further, the failure to verify the petition by affidavit at the time of filing as provided in R.C. 2731.04 has been "displaced by Civ.R. 11." *State ex rel. Madison v. Cotner*, 66 Ohio St.2d 448, 450, 423 N.E.2d 72 (1981). Civ.R. 11 provides in part: "Except as otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit." This portion of Respondent's Motion to Dismiss is not well taken and is not part of our basis for dismissal.

{¶4} However, respondent does correctly argue that relator failed to comply with R.C. 2969.25(C), which provides:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the

2

court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶5} The requirements of R.C. 2969.25(C) are mandatory and failure to comply with them mandates dismissal of an inmate's mandamus petition. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, 894 N.E.2d 47, ¶ 4*; State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997). Neither "substantial compliance" nor a belated affidavit can remedy such a failure. Id.

{¶6} Here, relator filed an Affidavit of Indigency which stated he receives a monthly stipend of $12.00 "for satisfactory performance of his institutional job." However, relator failed to provide a statement setting forth the balance of his inmate account for each of the preceding six months, as certified by the institutional cashier. Further, relator failed to set forth all other cash and things of value he owns. This failure is not curable and substantial compliance will not suffice.

{¶7} In addition, relator's "Motion for Writ of Mandamus" is substantively without merit. A relator seeking a writ of mandamus must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Ward v. Reed*, 141 Ohio St.3d 50, 2014- Ohio-4512, 21 N.E.3d 303, ¶ 10. A court of appeals may sua sponte dismiss an application for a writ of mandamus "'only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint.'" *State ex rel. Mayer v. Henson*, 97 Ohio

Case No. 2022-P-0089

St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11, quoting *McAuley v. Smith*, 82 Ohio St.3d 393, 395, 696 n.E.2d 572 (1998).

{¶8}   "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "To be entitled to a writ of mandamus, the relator must be able to prove that: (1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a clear legal duty to perform that act; and (3) there is no legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Vance v. Kontos,* 11th Dist. Trumbull No. 2014-T-0078, 2014-Ohio-5080, ¶ 9.

{¶9}   Here, relator's "Motion for Writ of Mandamus" seeks an order to compel the trial court to produce the records of his entire criminal proceedings at state expense. However, the "right of an indigent accused to be furnished a copy of the transcript of the evidence and the records relating to his arrest and conviction at the expense of the state is dependent upon his having either a present appeal as of right from his conviction or an actual appeal pending pursuant to the allowance of a motion for leave to appeal." *State ex rel. Braxton v. Parrino,* 176 Ohio St. 318, 318, 199 N.E.2d 571 (1964); *State v. Nagy*, 11th Dist. Portage No. 2018-P-0098, 2019-Ohio-3058, ¶ 28.

{¶10} This Court has previously dismissed appellant's direct appeal as being untimely filed and denied his motion for a delayed appeal. *State v. Collica*, 11th Dist. Portage No. 2019-P-0038, 2019-Ohio-1956; *State v. Collica*, 11th Dist. Portage No. 2022-P-0026, 2022-Ohio-2000.

4

Case No. 2022-P-0089

**{¶11}** Relator has no present appeal as of right or motion for leave to appeal pending before this court. Thus, he has no clear legal right to compel the trial court to produce records or transcripts in his criminal case at State expense.

**{¶12}** Accordingly, respondent's motion to dismiss is granted. Relator's "Motion for Writ of Mandamus" is dismissed.

JOHN J. EKLUND, P.J., MARY JANE TRAPP, J., EUGENE A. LUCCI, J., concur.

Case No. 2022-P-0089